NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIFTH THIRD BANK, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 09-CV-06051 (DMC-JAD) |
| FLATROCK 3, LLC, DAVID KASPARIAN, MICHAEL KASPARIAN and ROBERT LAZAROWITZ, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Robert Lazarowitz ("Defendant" or "Lazarowitz") to dismiss the Complaint for lack of subject matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and/or to compel joinder of TD Bank, N.A. as an indispensable party in accordance with Fed. R. Civ. P. 19(a)(2); upon motion by Flatrock 3, LLC ("Defendant" or "Flatrock") to dismiss or stay this matter on grounds of abstention in accordance with Fed. R. Civ. P. 12(b)(1); and upon motion by David Kasparian and Michael Kasparian, joining in the foregoing motions, to dismiss or stay the present matter in accordance with Fed. R. Civ. P. 12(b)(1). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss for lack of subject matter jurisdiction is **granted,** Plaintiffs' request for jurisdictional discovery is **denied** and this case is **dismissed without prejudice.**

I.   **BACKGROUND**[1]

On November 30, 2009, Plaintiff Fifth Third Bank filed a Complaint in this Court against Defendants seeking to recover the balance due on a construction loan issued in the amount of $39,000,000.00 and memorialized in a November 2, 2007 Note and Construction Loan Agreement between Plaintiff Fifth Third Bank and Defendant Flatrock. The Amended Complaint alleges that Flatrock defaulted on the loan and as a result, Fifth Third Bank is entitled to recover the balance due on the loan from Flatrock and individual Defendants and alleged guarantors David Kasparian, Michael Kasparian and Robert Lazarowitz.

The Amended Complaint asserts diversity of citizenship between all Plaintiffs and Defendants. Plaintiff Fifth Third Bank is identified as a citizen of Ohio and Plaintiff TD Bank, NA is identified as a citizen of Delaware. Defendants, David Kasparian, Michael Kasparian and Robert Lazarowitz are all identified as citizens of New Jersey. Defendant Flatrock is a limited liability company composed of two constituent limited liability companies, including ERA South Residential 3, LLC ("ERA") and Metropolitan Workforce Housing Fund, LLC ("Metropolitan"). In turn, ERA consists of three members, including David Kasparian, Michael Kasparian and Lazarowitz Family Associates Englewood, L.P. ("LFAE"), a limited partnership. Robert Lazarowitz is identified as the general partner of LFAE. The citizenship of the limited partner(s) of that entity is not indicated. Additionally, the Amended Complaint asserts that upon information and belief, the members of Metropolitan are citizens of New York. The individual members of Metropolitan are not identified.

---

[1] These facts have been adopted from the parties' respective court submissions.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Fed. R. Civ. P. 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction. "A 'facial' challenge by a defendant contests the adequacy of the pleading as it pertains to subject matter jurisdiction." Salazar v. Maquet Cardiovascular, No. 10-1166, 2010 U.S. Dist. LEXIS 57380, at *4-5 (D.N.J. June 10, 2010) (citing Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). "The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper." Id. (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). "When considering a 'facial' attack under Rule 12(b)(1), 'the court must consider the allegations of the complaint as true.'" Turicentro, 303 F.3d at 300.

### B. Federal Rule of Civil Procedure 19(a)(2)[2]

"If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19.

## III. DISCUSSION

### A. Diversity Jurisdiction - 28 U.S.C. § 1332

Defendant Lazarowitz asserts that Plaintiffs' Amended Complaint is deficient for failure to affirmatively and unequivocally allege facts required to establish complete diversity among the parties. Specifically, Lazarowitz asserts that an allegation of Metropolitan's citizenship upon

---

[2] In accordance with Fed. R. Civ. P. 15(a)(1)(B), Plaintiff represents to this Court that the Complaint has been voluntarily amended to include TD Bank, NA. Therefore, the motion to dismiss on this ground is moot. The Court will proceed by addressing the case on subject matter jurisdiction grounds.

information and belief is insufficient to satisfy the burden of diversity.

By contrast, Plaintiffs assert that where "the challenge to the Court's jurisdiction is limited to the sufficiency of the averments (as opposed to factual challenges to the jurisdictional facts averred), they must be accepted as true and constructed liberally." In the alternative, to the extent the accuracy of the averments is in dispute, Plaintiffs contend that the Court should order limited discovery with respect to that issue and permit factual submissions by Plaintiffs.

"Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship." Vail v. Doe, 39 F. Supp. 2d 477, 477 (D.N.J. 1999) (concluding that a complaint asserting, "statements defaming plaintiff have been sent from the State of New York. Upon information and belief, defendant John Doe is a citizen and resident of New York" was insufficient to establish diversity jurisdiction). "The standard by which the citizenship of a limited liability partnership is determined is explained by the Supreme Court of the United States in Carden v. Arkoma, 494 U.S. 185 [ ] (1990)." Comer v. ICCS Co., LLC, No. 08-2737, 2009 U.S. Dist. LEXIS 57586, at *6 (D.N.J. July 7, 2009). "[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,'[3] 'the several persons composing such association,' 'each of its members.'" Id. at *6 (quoting Carden, 494 U.S. at 195-96). "The citizenship of a limited liability company is determined like that of a limited partnership, by imputing to it the citizenship of its members." Id. at *6-7 (R&R Capital v. Merritt, No. 07-2869,

---

[3] "'[A] limited partnership is an unincorporated association whose citizenship is deemed to be that of the 'persons composing such association.'" Trent Realty Associates v. First Federal Sav. & Loan Asso., 657 F.2d 29, 31-32 (3d Cir. 1981)(internal citation omitted). "[T]his court held that the citizenship of a limited partner will defeat diversity if it is the same as one of the parties on the opposing side." Id. (internal citation omitted)."[I]n the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183 (3d Cir. 2008).

2007 U.S. Dist. LEXIS 78754, at *12 (E.D. Pa. Oct. 23, 2007). "This method of determining citizenship is appropriate because 'limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.'" Id. (quoting Golf Brothers, LLC v. Saker, No. 09-2133, 2009 U.S. Dist. LEXIS 48745 at *2 (D.N.J. June 10, 2009)).

> Domicile is what matters for the purposes of determining citizenship; residence is different:
>
> A difference between the concepts of residence and domicile has long been recognized. A person is generally a resident of any state with which he has a well-settled connection . . . . 'Intent to remain indefinitely' in the State need not be shown in order to be considered a resident of a state.

Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 208 n. 24 (3d Cir. 2007). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." Id. (citing McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)).

"It is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference." S. Freedman & Co. v. Raab, No. 05-1138, 2006 U.S. App. LEXIS 11611, at *10 (3d cir. May 10, 2006). "The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship." Annunziata v. Palazzolo, No. 10-3227, 2010 U.S. Dist. LEXIS 64007, at *1 (D.N.J. June 28, 2010) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)); see Hessert Constr. N.J., L.L.C. v. Garrison Architects, P.C., No. 06-5696, 2007 U.S.

Dist. LEXIS 50997, at *9 (D.N.J. July 13, 2007) (citing Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir,.2003)( The citizenship of an unincorporated business entity corresponds to the citizenship of each and every one of its members, "traced through" the layers of Terminex's ownership and eventually found a partner-corporation who was a citizen of Illinois)).

> Plaintiffs' Amended Complaint asserts the following:
>
> Defendant Flatrock 3, LLC ("Flatrock") is a limited liability company with an address c/o MDK Development, LLC, 594 Valley Health Plaza, Paramus, NJ 07652. As a limited liability company, Flatrock's citizenship is defined by the citizenship of its members. The members of Flatrock are ERA South Residential 3, LLC and Metropolitan Workforce Housing Fund, LLC. In turn, the members of ERA South Residential 3, LLC are Michael Kasparian, a citizen of New Jersey, David Kasparian, a citizen of New Jersey and Lazarowitz Family Associates Englewood, L.P., a limited partnership. Robert Lazarowitz, a citizen of New Jersey, is the general partner of Lazarowitz Family Associates Englewood, L.P. Upon information and belief, the members of Metropolitan Workforce Housing Fund, LLC are citizens of New York. Accordingly, Flatrock is a citizen of New Jersey and New York.

Amended Complaint, ¶ 3. Plaintiffs identify Fifth Third Bank as a citizen of Ohio and TD Bank, NA as a citizen of Delaware. The Court agrees with Defendant that the assertion, upon information and belief, "the members of Metropolitan Workforce Housing Fund, LLC are citizens of New York" is insufficient to affirmatively establish diversity jurisdiction. In accordance with the foregoing, "[t]he citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship." Plaintiffs have failed to identify or trace the citizenship of each individual member of Metropolitan for purposes of establishing diversity jurisdiction. Moreover, the citizenship of Lazarowitz Family Associates Englewood, L.P., previously recognized as a Delaware limited partnership in the original Complaint, is subject to imputation. Accordingly, with respect to the limited partnership, the citizenship of the individual members of that entity, including limited

partners, are required to be established. The existence of diversity jurisdiction is presently unclear.

  B.  Jurisdictional Discovery

In lieu of dismissal, Plaintiffs request jurisdictional discovery with respect to any factual issues raised concerning diversity of citizenship. Defendants oppose jurisdictional discovery on the grounds of fairness and the fact that Plaintiffs knowingly filed the action without sufficient facts to demonstrate that this Court has authority to hear the present action.

"In the Third Circuit, jurisdictional discovery is ordinarily available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction." Everything Yogurt Brands, LLC v. M.A.R. Foods, No. 09-4847, 2009 U.S. Dist. LEXIS 94601, at *3 (D.N.J. Oct. 9, 2009). "The Third Circuit has not directly addressed, however, the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction." Id. In declining to grant jurisdictional discovery, that Court cited Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 203 (3d Cir. 2007) in which the Third Circuit Court of Appeals "considered the question of how to determine the citizenship of a trust for purposes of diversity jurisdiction." Id. In evaluating four potentially applicable tests, the Court rejected one option "because it would require jurisdictional discovery" indicating:

> The problem with this rule is that it places a great and unnecessary burden on both the litigants and the courts themselves. The Wright & Miller rule would require that in each case where a trust is a party and the plaintiff relies on the court's diversity of citizenship jurisdiction, the court would have to monitor jurisdictional discovery to the same extent that it monitors any discovery in the case, and make findings with respect to the roles of the trustee and beneficiary in the affairs of the trust, all in a case that might be dismissed, or, if removed from a state court, remanded to it.

Id. (quoting Emerald, 492 F.3d at 203). "Furthermore, in support of its decision, the Court quoted

Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004): '[J]urisdictional rules should be as simple as possible, so that the time of litigants and judges is not wasted deciding where a case should be brought and so that fully litigated cases are not set at naught.'" Id. (citing Emerald, 493 F.3d at 203). In conclusion, that Court determined that the "kind of jurisdictional discovery [sought is the kind] that the Third Circuit has held to be unnecessarily burdensome, especially when a case may be remanded to state court. Defendant's request for jurisdictional discovery will be denied." Id.; compare Rowen Petroleum Props., LLC v. Hollywood Tanning Sys., No. 08-4764, 2009 U.S. Dist. LEXIS 33685 (D.N.J. Apr. 20, 2009) (directing the parties to conduct jurisdictional discovery to establish subject matter jurisdiction with respect to named defendants, limited liability companies, in that matter).

In the interest of judicial economy and the conservation of resources, the Court declines to invoke jurisdictional discovery. Moreover, it is unclear to this Court that Plaintiffs have pursued alternate avenues for acquiring the necessary information.[4]

In the absence of affirmative subject matter jurisdiction, this Court is precluded from exercising jurisdiction over the present matter. Therefore, the Court will not proceed by addressing the remaining

---

[4]

Notably, the Court can conceive of distinction in jurisdictional discovery as it pertains to personal jurisdiction and subject matter jurisdiction. Although a party may waive personal jurisdiction, see Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir.1969), "it is well-settled that a party can never waive lack of subject matter jurisdiction." Brown v. Phila Housing Auth., 350 F.3d 338, 347 (3d Cir. 2003). To that end,

> [s]ubject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

Id. (citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). In requesting the Court to permit jurisdictional discovery, essentially Plaintiffs invite the Court to exercise limited subject matter jurisdiction, an authority that may not otherwise be present, for the purposes of establishing the existence of diversity jurisdiction. In fact, to the contrary, Fed. R. Civ. P. 12(h)(3) imposes a continuing obligation on the court to dismiss the action "whenever it appears . . . that the court lacks jurisdiction of the subject matter." Brown, 350 F.3d at 347.

issues presented with respect to the instant motions.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is **granted**, Plaintiffs' request for jurisdictional discovery is **denied** and this case is **dismissed without prejudice**.  An appropriate Order accompanies this Opinion.


|  |  |
|---|---|
|  | S/ Dennis M. Cavanaugh |
| Dated: July 21 , 2010 | Dennis M. Cavanaugh, U.S.D.J. |
| cc: All Counsel of Record |  |
| Hon. J.A. Dickson, U.S.M.J. |  |
| File |  |